# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert D. Ray and Diane Ray,      :
     :
         Appellants      :
     :
         v.      :    No. 1163 C.D. 2015
     :
Zoning Hearing Board for      :    Submitted: December 18, 2015
Murrysville, Pennsylvania      :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE MARY HANNAH LEAVITT, Judge[1]
             HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**          **FILED: April 28, 2016**


Robert D. Ray and Diane Ray (together, Appellants) appeal from the March 12, 2015 Order of the Court of Common Pleas of Westmoreland County (common pleas) denying Appellants' appeal of the Decision of the Zoning Hearing Board for Murrysville, Pennsylvania (ZHB). For its part, the ZHB denied Appellants' request for a "*de minimis* dimensional zoning variance" on the basis that a previous ZHB decision governed the case. We affirm.[2]

---

[1] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

[2] This appeal was initially filed in the Superior Court of Pennsylvania. Upon a Motion from the ZHB, the Superior Court transferred the case to this Court on July 7, 2015.

The property at issue is a developed lot owned by Appellants located in the Municipality of Murrysville's (Murrysville) Rural Residential (RR) Zoning District (hereafter, "the Property"). (ZHB Decision, October 16, 2014 (2014 ZHB Decision), Findings of Fact (FOF) ¶ 1, R.R. at 36a.) "The [P]roperty consists of a [two]-story residence, [three]-car detached garage, swimming pool[,] and sports court consisting of a basketball court." (FOF ¶ 5.) Under Murrysville's Zoning Ordinance (Ordinance), properties located in the RR Zoning District are required to have a fifty-foot front lot setback and "no accessory use or building [is] authorized in the front yard." (FOF ¶¶ 2-3; Ordinance §§ 220-14, 220-15.)

Appellants built a basketball court, measuring seventy feet by forty-two feet, in their front yard "several years ago without applying [for] or obtaining any permit to do so." (FOF ¶ 7.) In the spring of 2012, Appellants constructed a batting cage on the Property adjacent to the basketball court. (ZHB Decision, August 24, 2012 (2012 ZHB Decision), FOF ¶ 9, R.R. at 9a.) On April 18, 2012, Murrysville's Zoning Officer sent Appellants a Zoning Enforcement Notice notifying Appellants that they were in violation of Section 220-15A of the Ordinance as the Property contained a "Sports Court" in the front yard and "[n]o accessory use or building [is] authorized in the front yard." (Enforcement Notice, April 18, 2012 (2012 Enforcement Notice), R.R. at 1a.) The notice stated that "[y]ou must begin action to bring this situation into compliance within five days of the mail date of this notice." (2012 Enforcement Notice, R.R at 1a.)

Appellants then appealed to the ZHB for a special exception and variance "relat[ed] to the use, frontage, and yard requirements of the Ordinance in regard to the . . . batting cage and basketball court." (2012 ZHB Decision at 2, R.R. at 7a.) Upon review, the ZHB found that "the sports court consisting of the batting cage

2

and basketball court substantially extends beyond the fifty[-]foot building line restriction in the front yard," and that "the sports court batting cage is located within the twenty[-]foot side yard restricted area." (2012 ZHB Decision, FOF ¶¶ 11-12, R.R. at 9a.) Appellants argued that installing the sports court in the front of the yard is less hazardous to the neighbors than placing it in the back of the lot. The ZHB noted that Appellants testified that there is no room in the back yard for the sports court due to topography and the presence of a sand mound, a swimming pool, and a three-car garage. (2012 ZHB Decision at 8, R.R. at 13a.) The ZHB concluded that "[a]ll of the obstacles except for the topography of the rear lot are the making of the [A]ppellants or former owners[,] not the [O]rdinance," (2012 ZHB Decision at 8, R.R. at 13a), and denied the appeal, holding that "[t]he [A]ppellants have failed to meet the criteria of establishing a hardship not of their own making and one not created by the ordinance itself." (2012 ZHB Decision at 9, R.R. at 14a.) Appellants appealed to common pleas, but the appeal was subsequently "withdrawn with prejudice." (2014 ZHB Decision at 5.) As no further appeal was taken from the 2012 ZHB Decision, that Decision conclusively resolved the issues addressed therein.

Following the 2012 ZHB Decision, Appellants moved the batting cage to the other side of the yard. (Hr'g Tr. at 10-11, R.R. at 50a-51a.) Murrysville's Zoning Officer issued an Enforcement Notice on August 23, 2013 providing notice to Appellants that the basketball court violates the Ordinance and the 2012 ZHB Decision and must be removed. (Enforcement Notice, August 23, 2013, R.R. at 16a.)[3] Appellants subsequently filed the instant appeal where they request "a *de*

---

[3] The Enforcement Action is currently held in abeyance pending outcome of the instant matter.

*minimis* dimensional zoning variance for their basketball court." (Statement of Appellants attached to the Notice of Appeal, R.R. at 22a.)

The ZHB held a public hearing on September 4, 2014 where Appellants and their neighbor testified and various photographs and a survey of the Property were placed into evidence. Appellants testified to their frustration with the ZHB's interpretation of the Ordinance.[4] Mr. Ray testified that the basketball court is detached from the driveway and sits about ten feet from the driveway, but opined this distinction did not render the basketball court any different from neighboring properties that have basketball hoops installed on their driveways, which are not considered a violation of the Ordinance. (Hr'g Tr. at 16-17, R.R. at 56a-57a.) Appellants' neighbor opposed the issuing of a variance and argued that "[t]he character of the neighborhood is deserving of protection from placing these accessories in the front yard." (Hr'g Tr. at 25, R.R. at 65a.) Upon review of the testimony, surveys of the Property, and photographs of the basketball court, the ZHB denied Appellants' appeal. According to the ZHB:

> once [Appellant]s' testimony was closed, it became clear to the Board that the application was nothing more than a subterfuge to avoid the argument that the previous decision is res judicata [on] this appeal. Section 220-15A [of the Ordinance] provides that in the RR District . . . no accessory use or building is authorized in the front yard. This means that the use of any part of the front yard for an accessory use to the main dwelling is prohibited and can only be changed by virtue of a use variance. A use variance was already considered by the Board in the previous appeal and, therefore, [Appellants] are estopped to raise the issue now.

---

[4] Mr. Ray's testimony is found on pages 49a-57a of the reproduced record. Mrs. Ray's testimony is found on pages 58a-60a of the reproduced record.

4

(2014 ZHB Decision at 7.)

Appellants appealed the matter to common pleas, and Murrysville intervened in opposition to the appeal. Common pleas reviewed the Ordinance and the facts in the record and concluded that:

> we agree with the Board and the [Intervenor] that the Appellants' current application is nothing more than a subterfuge to avoid the argument that the previous 2012 decision governs the disposition of this matter. . . . The use of any part of the front yard for an accessory use to the main dwelling is prohibited and can only be changed with the issuance of a use variance. In the previous appeal, the Board considered and rejected Appellants' application for a use variance and specifically referenced both the batting cage *and the basketball court*. The fact that the batting cage is no longer there is of no moment; the basketball court that crosses well over the setback boundary lines still remains as it existed in 2012 when the Board first considered this matter.

(Common pleas op. at 3 (emphasis added).) Thus, common pleas held that "the [ZHB] carefully considered the law and the facts of this case, and that it committed no error of law or abuse of discretion when it [denied Appellants' appeal and request for a *de minimis* dimensional variance]." (Common pleas op. at 5.) This appeal followed.[5]

On appeal to this Court, Appellants argue that common pleas erred by: (1) "fail[ing] to determine that the Appellant[s'] basketball court constituted a sports court," (Appellants' Amended Br. at iv); (2) applying res judicata in denying the

___

[5] "Where the trial court has taken no additional evidence, appellate review is limited to determining whether the zoning hearing board committed an error of law or a manifest abuse of discretion." Schwartz v. Philadelphia Zoning Board of Adjustment, 126 A.3d 1032, 1035 n.5 (Pa. Cmwlth. 2015).

5

request for a dimensional variance; and (3) ignoring the Pennsylvania Supreme Court's decision in Hertzberg v. Zoning Board of Adjustment of City of Pittsburgh, 721 A.2d 43, 50 (Pa. 1998), where the Pennsylvania Supreme Court announced a less stringent standard for obtaining a dimensional zoning variance.

Appellant's brief includes a "Statement of Questions Involved" that states "[common pleas] fail[ed] to determine that the Appellant['s] basketball court constituted a sports court." (Appellants' Amended Br. at iv) While the heading in the Argument section of their brief also includes this assertion, (Appellants' Amended Br. at 4), Appellants do not put forth any argument on this point in the Argument section or otherwise. Pursuant to Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure, the argument section of an appellate brief "shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, *followed by such discussion and citation of authorities as are deemed pertinent*." Pa. R.A.P. 2119 (emphasis added). "Arguments not properly developed in a brief will be deemed waived." In re Condemnation of Land for the South East Central Business District Redevelopment Area No.1 (405 Madison St., City of Chester), 946 A.2d 1154, 1156 (Pa. Cmwlth. 2008). Because addressing this issue would require us to invent arguments for Appellants, which we cannot do, we conclude that this issue is not preserved for appeal.

The remaining issues raised in this appeal, specifically the application of res judicata and the Supreme Court's holding in Hertzberg, were thoroughly and correctly analyzed and the matter was ably disposed of in the comprehensive and

well-reasoned opinion of President Judge Richard E. McCormick, Jr. Therefore, we affirm on the basis of his opinion in <u>Ray v. Zoning Hearing Board for Murrysville, Pennsylvania</u> (Westmoreland County, No. 5438 of 2014, filed March 12, 2015).[6]

 

_____
**RENÉE COHN JUBELIRER, Judge**

---

[6] The ZHB argues in its brief that, while it was served a copy of Appellants' brief and reproduced record on September 1, 2015, this Court rejected said brief and reproduced record on the basis that the brief did not include a copy of common pleas' decision and the pages in the reproduced record were not properly numbered. (Order, September 8, 2015.) Our Order required Appellants to file an amended brief and reproduced record or the case would be dismissed. <u>Id.</u> The ZHB argues that it was never served with the amended versions of these documents and, as such, the appeal should be quashed and Appellants should be sanctioned for "perpetuation of a fraud upon the Court." (ZHB's Br. at 19 n.4.) We need not address this issue as it is rendered moot by our affirmance of common pleas' order.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert D. Ray and Diane Ray,      :
                                         :
                     Appellants    :
                                         :
               v.               :    No. 1163 C.D. 2015
                                         :
Zoning Hearing Board for      :
Murrysville, Pennsylvania     :

## O R D E R

NOW, April 28, 2016, the Order of the Court of Common Pleas of Westmoreland County, entered in the above-captioned matter, is **AFFIRMED** on the basis of the well-reasoned opinion issued by the Honorable Richard E. McCormick, Jr. in <u>Ray v. Zoning Hearing Board for Murrysville, Pennsylvania</u> (Westmoreland County, No. 5438 of 2014, filed March 12, 2015).

 

_____
**RENÉE COHN JUBELIRER, Judge**

## IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, COMMONWEALTH OF PENNSYLVANIA

## CIVIL DIVISION

ROBERT D. RAY and
DIANE RAY,

    Appellants,

        vs.

ZONING HEARING BOARD FOR
MURRYSVILLE, PENNSYLVANIA,

    Appellee, and

MUNICIPALITY OF MURRYSVILLE,

    Intervenor.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 5438 of 2014

2016 MAR 12 PM 2:44
CHRISTINA O'BRIEN
PROTHONOTARY
FILED IN PROTHONOTARY'S OFFICE
WESTMORELAND COUNTY

## OPINION and ORDER OF COURT

*By President Judge Richard E. McCormick, Jr.:*

This matter is before the Court on the Appellants' appeal from the Decision of the Zoning Hearing Board dated October 16, 2014, wherein the Board determined that a prior Board determination governed the disposition of this case, and denied the applicants' request for a dimensional variance.

Section 1005-A of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, as amended, as added by Section 101 of the Act of December 21, 1988, P.L. 1329, 53 Pa.C.S.A. § 11005-A provides that if the record includes findings of fact made by the board and the court does not take additional evidence, the findings may not be disturbed if supported by substantial evidence. A reviewing court may not substitute its judgment for that of the local agency unless the board abused its discretion.

1



*Nascone v. Ross Township Zoning Hearing Board*, 473 A.2d 1141 (Pa.Cmwlth. 1984). An abuse of discretion occurs when findings of fact are not supported by substantial evidence, which is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *One Meridian Partners, LLP v. Zoning Board of Adjustment of City of Philadelphia*, 867 A.2d 706, 708 (Pa.Cmwlth. 2005).

The Board's findings of fact can be paraphrased as follows. The property in question is a developed lot situated in an RR Zoning District. Section 220-14 of the Murrysville Zoning Code ("Code") mandates a 50-foot front lot setback in an RR Zoning District. Section 220-15A of the Code provides that no accessory use or building is authorized in the front yard. On the property is located a two-story dwelling, a three-car detached garage, a swimming pool and a sports court consisting of a basketball court. The basketball court is rectangular and has an area of approximately 70 by 42 feet, and it is situated in the front yard such that there is an 80 percent reduction in the front lot setback. When the court was constructed several years ago, Appellants did so without first obtaining the relevant permit. These facts are not in dispute.

Previously, in 2012, as a result of receiving a Zoning Enforcement Notice, the Appellants filed a request to have their basketball court and batting cage declared a "sports court" and requested that either they be granted a special use exception or a use variance because their location violated the fifty (50) foot building line in the front yard and the twenty (20) foot side yard restriction. The Board denied their request; they filed an appeal in the Court of Common Pleas, then withdrew the appeal with prejudice. Accordingly, the Board's 2012 determination was a final disposition of the matter.

2

After this 2012 decision, the Appellants removed the batting cage, but the basketball court remained. The Zoning Officer filed a Complaint concerning the basketball court with the District Magistrate, who continued the hearing to allow the Appellants an opportunity to submit a plea for *de minimus* relief. The Board rejected that argument; and the Magistrate scheduled a hearing, and found that the basketball court remained a violation of the zoning ordinance.

In the matter before us, Appellants have again filed a zoning appeal from the denial of their request for a dimensional variance or a *de minimus* variance. They argue that the 2012 Board Decision is not *res judicata* because although the basketball court remained, they removed the batting cage. After review of both of the Board's decisions and the respective briefs filed by the parties, we agree with the Board and the Appellee that the Appellants' current application is nothing more than a subterfuge to avoid the argument that the previous 2012 decision governs the disposition of this matter.

Section 220-15A provides that in the RR District no accessory use or building is authorized in the front yard. The use of any part of the front yard for an accessory use to the main dwelling is prohibited and can only be changed with the issuance of a use variance. In the previous appeal, the Board considered and rejected Appellants' application for a use variance and specifically referenced both the batting cage and the basketball court. The fact that the batting cage is no longer there is of no moment; the basketball court that crosses well over the setback boundary lines still remains as it existed in 2012 when the Board first considered this matter.

Nevertheless, the Board carefully considered Appellants' *de minimus* dimensional zoning variance request and justifiably determined with respect to the *de minimus* prong

3

that "a request for an 80 percent reduction in a front lot setback is neither trifling nor insignificant." (Decision, page 5.) With respect to their request for a dimensional variance, the Board applied the standards in *Hertzberg v. Zoning Board of Adjustment of the City of Pittsburgh*, 721 A.2d 43 (Pa. 1998).

The *Hertzberg* court considered a dimensional variance within the context of a permitted use. In that context, the court noted: "When seeking a dimensional variance within a permitted use, the owner is asking only for a reasonable adjustment of the zoning regulations in order to utilize the property in a manner consistent with the applicable regulations. Thus, the grant of a dimensional variance is of lesser moment than the grant of a use variance, since the latter involves a proposal to use the property in a manner that is wholly outside the zoning regulation." *Hertzberg*, 721 A.2d at 47. Here, the location of the basketball court has already been determined to be an impermissible use of the land; so, to now request that a dimensional variance be granted on an impermissible use defies common sense. Nonetheless, the Board carefully considered the *Hertzberg* standards: it considered whether the Appellants demonstrated unnecessary hardship, whether the cost to conform the property to the zoning ordinance was prohibitive, and the characteristics of the surrounding neighborhood. The Board concluded that the hardship suffered by the Appellants was "self-created" and decided to follow the "strong policy against assisting landowners who violate a zoning ordinance...". *See Appletree Land Development v. Zoning Hearing Board of York Township*, 834 A.2d 1214, 1217-18 (Pa.Cmwlth. 2003). Furthermore, the Board noted that the basketball court could have very easily been constructed 40 feet to the rear of its current location, thus avoiding the entire issue.

4

Finally, although the Board did not explicitly reference this finding in its Opinion, evidence in the form of photographs of basketball courts in the surrounding neighborhood established that the majority of the basketball hoops were not fixed, but movable, and all of them are located in either a driveway or turn-around area. In other words, the primary purpose of the concrete surface on which every other basketball hoop is located is that of a driveway for ingress and egress to a residential garage. No evidence of any other similar "sports courts" in the neighborhood has been submitted.

In summation, we find that the Board carefully considered the law and the facts of this case, and that it committed no error of law or abuse of discretion when it concluded as follows: "Section 220-15A provides that in the RR District front yard no accessory use or building is authorized in the front yard. This means that the use of any part of the front yard or an accessory use to the main dwelling is prohibited and can only be changed by virtue of a use variance. A use variance was already considered by the Board in the previous appeal and, therefore, the applicants are stopped to raise the issue now."

The appeal will be denied.

## IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, COMMONWEALTH OF PENNSYLVANIA

## CIVIL DIVISION

ROBERT D. RAY and )
DIANE RAY, )
            )
      Appellants, )
            )
        vs. )         No. 5438 of 2014
            )
ZONING HEARING BOARD FOR )
MURRYSVILLE, PENNSYLVANIA, )
            )
      Appellee, and )
            )
MUNICIPALITY OF MURRYSVILLE, )
            )
      Intervenor. )

## ORDER OF COURT

AND NOW, to wit, this _12_ day of March, 2015, based upon the rationale

contained in the foregoing Opinion, it is hereby **ORDERED** and **DECREED** that the

Appellants' Appeal from the Decision of the Zoning Hearing Board of the Municipality

of Murrysville, dated October 16, 2014, is **DENIED.**

FURTHER, in accord with Pa.R.C.P. No. 236(a)(2)(b), the Prothonotary is

**DIRECTED** to note in the docket that the individual(s) listed below have been given

notice of this Order.

BY THE COURT:

RICHARD E. McCORMICK, JR.,
PRESIDENT JUDGE

ATTEST:

Prothonotary

cc: Lawrence E. Bolind, Jr., Esq. – for the Appellants
Timothy J. Geary, Esq., Solicitor for Municipality of Murrysville Zoning Hearing
Board
George A. Kotjarapoglus, Esq., for Municipality of Murrysville
Westmoreland Law Journal